IN THE UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

APR 18 2006



KDX TRANSPORT, INC., a corporation, )
d/b/a R & R EXPRESS, )
 )
        Plaintiff, )
 )
v. )
 ) Civil Action No. 04-647
KDXPRESS, LLC, a corporation, and )
LLOYD K. ARMSTRONG and DALE )
ARMSTRONG, husband and wife, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court for disposition are the following:

- DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE (*Document Nos. 4-1 & 4-2*), with brief in support (*Document No. 5*) ("Motion" and "Brief," respectively);

- PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF (*sic*) MOTION TO DISMISS OR TO TRANSFER VENUE (*Document No. 7*) ("Response"); and

- DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR TO TRANSFER VENUE (*Document No. 8*) ("Reply").

After consideration of the Complaint, the filings of the parties and the relevant statutory and case law, defendants' Motion to Transfer Venue will be granted and this case will be transferred to the United States District Court for the Northern District of Mississippi.

### Background

The following background is drawn from the Complaint and is accepted as true for the purpose of the instant motion. Plaintiff KDK Transport, Inc., d/b/a R&R Express ("R&R"), is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendant KDXpress, LLC ("KDXpress") is a Mississippi corporation with its principal place of

business in Southaven, Mississippi. Defendants Lloyd K. Armstrong ("Mr. Armstrong") and Dale Armstrong ("Mrs. Armstrong" and, collectively, "the Armstrongs") are the officers, directors and shareholders of KDXpress. The Armstrongs reside in Olive Branch, Mississippi.

R&R is engaged in the business of freight transportation on a nationwide basis. The Complaint states that "Armstrong was an agent and/or employee of R&R and was responsible for the operation of R&R terminal facilities in Memphis, Tennessee," and that "Armstrong owed to R&R a fiduciary duty and a duty of loyalty given his agency and/or employment relationship with R&R." Complaint, ¶¶ 11-12.[1]

On or about April 15, 2003 the Armstrongs created KDXpress, LLC, which is "a non-asset based carrier engaged in the business of hauling freight on a nationwide basis and is in direct competition with R&R." *Id.* at ¶ 15. A few days later, R&R "involuntarily terminated the agency and/or employment relationship of Armstrong due to the activities of Armstrong in soliciting the customers of R&R, and in utilizing the assets and personnel of R&R to misappropriate business for the benefit of Armstrong and KDXpress." *Id.* at ¶ 13.

On April 28, 2004 R&R filed the instant action, which states a claim for interference with an existing and prospective business relationship under Pennsylvania law. *See* Complaint at ¶¶ 18-22; Response at p. 3-4. In the instant Motion, Defendants have challenged the 1) Court's personal jurisdiction over the Armstrongs, 2) the propriety of venue in the Western District of Pennsylvania, and 3) the sufficiency of the Complaint.

Standard of Review

When personal jurisdiction is challenged by a defendant, the plaintiff "must come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, Nat. Ass'n. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (*citing Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992)). The Court "must

---

[1]. The Complaint refers to Mr. and Mrs. Armstrong as "Armstrong."

accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret*, 954 F.2d at 142 n.1. *See also Dentsply International, Inc. v. Benton*, 965 F.Supp. 574, 575 (M.D. Pa. 1997). However, where the facts alleged to support jurisdiction are challenged by the defendant, "plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3rd Cir. 1984); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Bucks County Playhouse v. Bradshaw*, 577 F. Supp. 1203, 1206 (E.D. Pa. 1983). A plaintiff may not rely on the pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Time Share Vacation Club, supra*, 735 F.2d at 67 n.9. Actual proofs, not mere allegations, are required to defeat the defendant's motion. *Id.*[2]

## Discussion

A.  Lack of Personal Jurisdiction

The Armstrongs argue that they are not subject to the jurisdiction of this Court. Brief at 5-8.[3] Specifically, Mrs. Armstrong argues that the Court lacks personal jurisdiction over her because 1) she lives in Mississippi, 2) she has visited Pennsylvania two times in her entire life (to attend the R & R Christmas party with her husband), 3) she has never maintained a bank account, telephone number or mailing address in Pennsylvania, 4) she has never owned real estate in

---

[2]. Whether a Court may exercise personal jurisdiction over a defendant is "inherently a matter which requires resolution of factual issues outside the pleadings." *Time Share Vacation Club, supra*, 735 F.2d at 67 n.9.

[3]. Defendants admit that the Court may exercise jurisdiction over defendant KDXpress, LLC. Reply at 4. However, the Court agrees with Defendants that jurisdiction over KDXpress does not, in and of itself, establish jurisdiction over the Armstrongs in their individual capacities. *See Nicholas v. Saul Stone & Co. LLC*, 224 F.3d 179, 184 (3d Cir. 2000) ("jurisdiction over the defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in this Court.") (citations omitted); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him .... Each defendant's contacts with the forum State must be assessed individually."); *National Precast Crypt Co. v. Dy-Core of Pennsylvania, Inc.*, 785 F. Supp. 1186, 1191 (W.D. Pa.1992) ("As a general rule, individuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts.") (citations and quotations omitted).

Pennsylvania, 5) she was never employed by R&R, and 6) she was not involved with Armstrong Enterprises (her husband's former company). Brief at 6.[4] Similarly, Mr. Armstrong argues that the Court lacks personal jurisdiction over him because 1) he lives in Mississippi, 2) his visits to Pennsylvania were limited to attending five R&R Christmas parties in Pittsburgh and approximately one other business visit to R&R per year, and 3) under the "fiduciary shield" doctrine his visits to Pennsylvania as a representative of Armstrong Enterprises "do not factor into the question whether he had the sufficient contacts to be subjected to personal jurisdiction in Pennsylvania." Brief at 7.[5]

In its Response, Plaintiff argues that the Court may exercise personal jurisdiction over the Armstrongs because "Lloyd Armstrong himself and the predecessor company of the Armstrong Defendants was paid by a Pennsylvania company, occupied space and utilized equipment owned by a Pennsylvania company, came to Pennsylvania at the behest of the company, and transacted business for five years with a Pennsylvania company." Response at 6. The Response goes on to argue that these contacts "are sufficient to satisfy the due process requirements of the Fourteenth Amendment ..." and "would not violate notions of fair play and substantial justice ..." *Id.* Importantly, the Response is not accompanied by documentary evidence to support the arguments for jurisdiction.

In light of the governing law, the Court finds and rules that Plaintiff has not alleged sufficient facts to demonstrate personal jurisdiction over the Armstrongs. The arguments made by Plaintiff in its Response would warrant further analysis if they were supported by "sworn affidavits or other competent evidence" sufficient for the Court to resolve what is "inherently a matter which requires resolution of factual issues outside the pleadings." *Time Share Vacation Club, supra*, 735 F.2d at 67 n.9. However, by making arguments in its Response without competent evidence of jurisdiction to support those arguments, Plaintiff has failed to "respond

---

[4]. These factual allegations are reflected in the affidavit of Mrs. Armstrong. Motion, Exhibit A.

[5]. These factual allegations are reflected in the affidavit of Mr. Armstrong. Motion, Exhibit B.

4

with actual proofs, not mere allegations," and therefore has not sustained its burden of proving jurisdictional facts by a preponderance of the evidence. *Id.*

Ordinarily, upon a finding that the Court lacks personal jurisdiction over one or more defendants, said defendant(s) would be dismissed. However, as explained more fully below, the Court finds that this case should be transferred to the United States District Court for the Northern District of Mississippi, where, according to their Brief, the Armstrongs are subject to the personal jurisdiction of the district court. *See* Brief at 12-13. Accordingly, defendants Dale Armstrong and Lloyd K. Armstrong will not be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2).

B.  Dismissal or Transfer Due to Improper Venue

In federal court, changes in venue are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The standards for transfer of an action differ depending on whether venue has been properly laid. According to 29 U.S.C. § 1404(a), transfer is proper if venue is proper in both the original and requested venue.

Unlike § 1404(a), 28 U.S.C. § 1406 provides for either transfer or dismissal of an action where the original venue is improper. Specifically, section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*[6] The burden of establishing the need for transfer under either section 1404(a) or section 1406 rests with the moving party. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).

In a civil action in which jurisdiction is based solely on diversity of citizenship, such as the present case, venue is governed by 28 U.S.C. § 1391(a), which provides that venue is proper

---

[6]. Defendants have not moved for the transfer of the case pursuant to 28 U.S.C. § 1404(a).

only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Section 1391 also provides that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

The Court finds and rules that venue has been improperly laid in the Western District of Pennsylvania under 28 U.S.C. § 1391(a)(1). Although KDXpress is deemed to reside in this district pursuant to section 1391(c), all defendants do not "reside in the same State" because the Armstrongs reside in Mississippi. Therefore, venue is improper under section 1391(a)(1). *See also Wright, Miller & Cooper*, Federal Practice and Procedure: Jurisdiction 2d § 3807 (an action cannot "be brought against multiple defendants in a district in which some but not all of them reside.").

As to section 1391(a)(2), the Complaint states that "the events that give rise to this claim occurred in this district ...." However, the Complaint also asserts that the Armstrongs were "responsible for the operation of R&R terminal facilities in Memphis, Tennessee," and the Complaint does not otherwise indicate that any of the allegedly tortious action(s) have occurred in Pennsylvania. Similarly, Plaintiff's Response does not argue that any of the allegedly tortious action(s) occurred in the Western District of Pennsylvania, or in the Commonwealth of Pennsylvania.[7] By contrast, the uncontroverted affidavits submitted by the Armstrongs establish

---

[7]. Plaintiff's Response does, however, assert (in the context of personal jurisdiction) that the Armstrons were paid by a Pennsylvania corporation (*i.e.*, Plaintiff), occupied space and utilized equipment (ostensibly located in Tennessee) which was owned by a Pennsylvania corporation, came to Pennsylvania at the behest of the corporation, and transacted business with a Pennsylvania corporation. Response at 6. These representation do not speak to the critical question of whether the Western District of Pennsylvania is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that

6

that Mrs. Armstrong has visited the Western District of Pennsylvania twice in her life (to attend Christmas parties), and that Mr. Armstrong has taken approximately five business trips to, and attended five Christmas parties at, R&R's headquarters in Pittsburgh, Pennsylvania. Motion, Exhibits 1 & 2.[8] Accordingly, the Court finds and rules that venue is not proper under 28 U.S.C. § 1391(a)(2) because the Western District of Pennsylvania is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...."[9]

As to the propriety of venue under section 1391(a)(3), although the Western District of Pennsylvania is "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced" because KDXpress is subject to the Court's jurisdiction, said provision provides for proper venue only "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). Defendants argue that the Northern District of Mississippi is a "district in which the action may otherwise be brought" because personal jurisdiction over each defendant is proper in that district. Response at 12-13. The Court agrees, and finds and rules that venue is improper under section 1391(a)(3). Therefore, this action has been filed in the wrong district.

As mentioned above, section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds and rules that it is in the interest of justice to transfer this case to the Northern District of Mississippi. Defendants have conceded that there is

---

is the subject of the action is situated ...." 28 U.S.C. § 1391(a)(2).

[8]. It is proper for the Court to consider an affidavit when ruling on a motion to transfer. *See In Re U.S.*, supra, 273 F.3d at 386-87; *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 755 (3d Cir. 1973) ("defendants did not file affidavits, depositions, a brief in support of these contentions, or any other document containing information showing that a transfer would be appropriate ....").

[9]. Nothing in the Complaint or the pleadings indicates that any real or personal property is at issue in this case, and therefore this is not a district where "a substantial part of the property that is the subject of the action is situated ..." 28 U.S.C. § 1391(a)(2).

7

no question as to the propriety of personal jurisdiction in that forum, and said forum has been expressly requested by defendants as an alternative to dismissal. See Response at 12-13. Therefore, this case will be transferred.

C. <u>Failure to State a Claim</u>

In light of the Court's conclusion that the case should be transferred due to improper venue, the Court will decline to address the merits of defendants' argument that the Complaint fails to state a claim. Instead, that aspect of the Motion will remain pending to the transferee court.

Conclusion

For the reasons hereinabove set forth, this case will be transferred to the United States District Court for the Northern District of Mississippi. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KDX TRANSPORT, INC., a corporation, )
d/b/a R & R EXPRESS, )
)
)
Plaintiff, )
v. )
) Civil Action No. 04-647
KDXPRESS, LLC, a corporation, and )
LLOYD K. ARMSTRONG and DALE )
ARMSTRONG, husband and wife, )
)
Defendants. )

## ORDER OF COURT

AND NOW, this 15th day of April, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. The Motion to Dismiss (*Document No. 4-1*) of Defendants KDXPRESS, LLC, Lloyd K. Armstrong and Dale Armstrong is **DENIED** to the extent that Lloyd K. Armstrong and Dale Armstrong seek to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). However, said Motion will remain extant to the extent that it seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), pending consideration and resolution by the United States District Court for the Northern District of Mississippi;

2. Defendants' Motion to Transfer Venue (*Document No. 4-2*) is **GRANTED** and this matter is **TRANSFERRED** to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a); and

3. The Clerk of Court is directed to **TRANSFER** the entire file to the Clerk of the United States District Court for the Northern District of Mississippi forthwith.

BY THE COURT:

Terrence F. McVerry
United States District Court Judge

CERTIFIED FROM THE RECORD
Date 4/15/05
ROBERT V. BARTH, JR., CLERK
By: Keith A. Anderson
Deputy Clerk

cc: Albert A. Torrence, Esquire
640 Fourth Street
Fourth Street Professional Building
Beaver, PA 15009-2107

Michael A. Finio, Esquire
Matthew M. Haar, Esquire
Saul Ewing
Two North Second Street, 7th Floor
Harrisburg, PA 17101

Roberto N. Allen, Esquire
Saul Ewing
100 South Charles Street, 15th Floor
Baltimore, MD 21201